495 S.E.2d 563

**LAWYER DISCIPLINARY BOARD, Respondent**

v.

**Richard HESS, a suspended member of The West Virginia State Bar, Petitioner.**

**No. 23887.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1997.

Decided Oct. 28, 1997.

Sherri D. Goodman, Chief Lawyer Disciplinary Counsel, Charleston, for the Respondent.

Lee B. Forb, Charleston, for the Petitioner.

PER CURIAM:

■ The question presented in this proceeding is whether the law license of Richard Hess, a suspended member of the West Virginia State Bar, should be reinstated pursuant to Rule 3.32 of the Rules of Lawyer Disciplinary Procedure. The Office of Disciplinary Counsel for the respondent, Lawyer Disciplinary Board, has examined the issues presented and has recommended that the reinstatement be made. This Court, after reviewing the documents presented as well as the issues in this case, agrees with the respondent's recommendation and accordingly concludes that Mr. Hess' license to practice law should be reinstated subject to certain conditions.

Richard Hess, the attorney whose suspension is under review in this case, practiced law in West Virginia from 1963 until January 20, 1992, when his license to practice law was suspended for violating provisions of the Code of Professional Responsibility. The suspension was for a two-year period.

It appears that since his suspension Mr. Hess has been responsibly employed in work other than the practice of law; that he has made restitution to the complaining witnesses upon whose complaints the suspension was made; and that he has engaged in other activity which in the opinion of the Lawyer Disciplinary Board has demonstrated that he is rehabilitated to the point that he may appropriately engage in the practice of law subject to certain conditions.

■ In considering whether this Court should adopt the recommendation of a lawyer disciplinary body that an attorney should be authorized to practice law, this Court stated in Syllabus Point 3, *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994):

A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

■ In reinstatement cases, the fundamental question which the court must address is whether the attorney seeking reinstatement has shown that he presently possesses the integrity, moral character, and legal competence to assume the practice of law. See *In re Brown*, 166 W.Va. 226, 273 S.E.2d 567 (1980). In essence, the question is whether or not the attorney has been rehabilitated. In Syllabus Point 2 of *In re Brown, Id.*, the Court stated:

Rehabilitation is demonstrated by a course of conduct that enables the court to conclude there is little likelihood that after such rehabilitation is completed and the applicant is readmitted to the practice of law he will engage in unprofessional conduct.

After reviewing the documents presented in the present case which provide information as to Mr. Hess' financial condition and his conduct since his suspension, this Court believes that there is reliable, probative, and substantial evidence which supports the recommendation of the respondent, Lawyer Disciplinary Board, and, under the standard set forth in Syllabus Point 3 of *Committee on Legal Ethics v. McCorkle, supra*, it is appropriate that Mr. Hess' license to practice law be reinstated subject, however, to the following conditions:

1. that the reinstatement be effective January 1, 1998; and

2. that Mr. Hess be supervised in his practice of law for one year under such reasonable terms and conditions as are deemed necessary by the Office of Disciplinary Counsel to insure that Mr. Hess not again become involved in the conduct which led to his suspension; and

3. that Mr. Hess pay the cost of these proceedings.

For the reasons stated the license of Richard Hess to practice law in the State of West

Virginia is reinstated subject to the conditions set forth above.

Reinstated subject to conditions.